IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID PHILLIPS,                    ]
                                   ]
         Petitioner,               ]
                                   ]
vs.                                ]        CIVIL ACTION NO. 01-H-1413-S
                                   ]
THE ATTORNEY GENERAL FOR           ]
THE STATE OF ALABAMA,              ]        **ENTERED**
                                   ]
         Respondent.               ]        SEP 3 0 2004

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a

judgment of a court of the State of Alabama.  28 U.S.C. § 2254.  The petitioner, David

Phillips, was convicted in May, 1998, in the Circuit Court of Jefferson County, of first degree

sodomy and first degree sexual abuse.  He was sentenced to a term of imprisonment for ten

years on the sodomy conviction and five years on the sexual abuse conviction, with the

sentences to run consecutively.

On direct appeal, Phillips claimed that: 1) the victim's testimony was the result of

impermissible suggestion, so tainting the testimony as to make it unreliable; and 2) it was

error for the trial court to fail to grant Phillips' motion for judgment of acquittal and motion

for new trial.  On February 5, 1999, the Alabama Court of Criminal Appeals affirmed the

petitioner's conviction and sentence in a memorandum opinion:

> The appellant appeals from his convictions for sexual abuse in the first
> degree, a violation of § 13A-6-66, Ala. Code 1975, and sodomy in the first

degree, a violation of § 13A-6-63, Ala. Code 1975. He was sentenced to 10 years' imprisonment on the sodomy conviction and 5 years' imprisonment on the sexual abuse conviction, with the sentences to run consecutively.

The appellant argues that the trial court erred in denying his motion for judgment of acquittal and motion for new trial on the ground that the victim's testimony was unreliable. Specifically, he argues that there were several inconsistencies in the victim's testimony; that there was no evidence to corroborate the victim's testimony; that there was no "substantial" evidence of the crimes; and that the victim's testimony was the product of impermissible suggestion by her mother, aunt, friends and social workers.

A person commits first degree sexual abuse when "being sixteen years old or older, [he] subjects another person to sexual contact who is less than 12 years old." § 13A-6-66(a)(3). First degree sodomy occurs when an individual, "being 16 years or older, engages in deviate sexual intercourse with a person who is less than 12 years old." § 13A-6-63(a)(3). Section 13A-6-60(2) defines deviate sexual intercourse as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." The state's evidence was more than sufficient to establish a prima facie case of sexual abuse and sodomy against [Phillips].

The record reveals that the victim, a twelve-year old girl, testified that at the age of four years old, the appellant, her uncle, began to take his hand and "put it in my vagina and on my behind." She testified that he would also put "his private into my private." The victim identified the appellant's "private" as his penis. She testified that the appellant also forced her to perform oral sex on him. The victim testified that the appellant did these things to her several times during a two-year period before she reached her seventh birthday. She further testified that the incidents occurred at her grandmother's house and did not stop until she stopped visiting there. She testified that she told her mother about the incidents when she was ten years old. The appellant was approximately 34 years old at the time that the sexual abuse and sodomy had occurred. The victim's mother testified that, when she learned of the sexual contact, she immediately notified the police. A medical examination of the victim was conducted at Children's Hospital but did not reveal any scar tissue or evidence of trauma. Evidence was presented by the physician who conducted the examination that any damage caused by the appellant's penetration of the victim would have healed within approximately four weeks of the incident.

The State's evidence was sufficient to prove a prima facie case of first degree sexual abuse and first degree sodomy against the appellant. *See Pierson v. State*, 677 So. 2d 830 (Ala. Crim. App. 1996)(The testimony of the victim alone is sufficient to establish prima facie case of either rape or sexual abuse.). *See also Snell v. State*, 677 So. 2d 786 (Ala. Crim. App. 1995)(The conviction for sodomy in the second degree was supported by the victim's testimony that

the defendant performed oral sex on her twice when she was twelve years old.)
Therefore, the trial court was correct in denying the appellant's motion for a
judgment of acquittal.   In reviewing the remaining claims raised by the
appellant, we reiterate well-settled law that, once a prima facie case is
established, evidentiary issues concerning the weight and credibility of the
evidence are not reviewable on appeal. *Glover v. State*, 610 So. 1253 (Ala.
Crim. App. 1992).   *See also Ogle v. State*, 548 So. 2d 499 (Ala. Crim. App.
1989)(Conflicting evidence, moreover, always presents a jury question, and a
verdict rendered thereon will not be disturbed on appeal.)

Respondents' Exhibit D.   Phillips' petition for a writ of certiorari to the Alabama Supreme

Court was denied on June 10, 1999, and his petition for a writ of certiorari to the United

States Supreme Court was denied on January 10, 2000.

On March 2, 2000, Phillips filed a Rule 32 petition in the Circuit Court of Jefferson

County, claiming that he received ineffective assistance of counsel at trial and on direct appeal

because his attorney: 1) failed to raise at trial or on appeal, the "issue of the constitutionality

under the United States Constitution's due process clause of Alabama's per se rule that in sex

abuse cases the testimony of the alleged victim of the sex abuse that the defendant sexually

abused the victim is always sufficient evidence to require submission of the charge to the jury

and, if there is a conviction, to require trial and appellate court to sustain the conviction"; 2)

"failed to move the court at the conclusion of the state's case to require the state to elect

which of the several acts as to which evidence was presented on each of the offenses charged

it would rely upon to prove the state's case as to each offense"; 3) failed to request an

instruction or object to the court's failure to give an "instruction that the jury must

unanimously find beyond a reasonable doubt that Phillips committed all the acts as to which

there was testimony offered against him," since the state was not required to elect which of

the acts it would rely upon to prove its case; 4) failed to raise at trial or on appeal, "the issue

3

that Phillips was convicted because Alabama, in conflict with decisions of the United States Supreme Court, unconstitutionally allows 'generic evidence' of sexual molestation of a child under twelve to be admitted into evidence and holds that such generic evidence satisfies the fifth amendment sufficiency of the evidence standard in criminal convictions"; 5) failed to object at trial or on appeal to the admission of generic evidence and to the sufficiency of the generic evidence to sustain a conviction of Phillips where the witness was over the age of 12 years and the accused did not reside in the same house as the minor victim; 6) failed "to object to the admission of an out-of-court tape recording of a statement by the minor [victim] which the court admitted under Code of Alabama, § 15-25-32 because the minor [victim] was over the age of 12 years at the time of trial and § 15-25-31 requires that the witness must be under 12 years of age at the time of trial for § 1[5]-25-32 to apply"; and 7) failed to raise ex post facto issues.

The trial court held an evidentiary hearing on the petition on June 12, 2000, at which Phillips' trial and appellate counsel, Thomas B. Hanes, testified. The trial court denied the petition on June 23, 2000.

On appeal from the denial of his Rule 32 petition, Philips raised the following claims:

1. Whether defense counsel was constitutionally ineffective for failing to object on Ex Post Facto Clause grounds to Phillips being tried under rules of evidence and procedure which had been changed or altered unfavorably to Phillips between the time of the alleged acts constituting the offenses charged and the time of trial?
2. Whether defense counsel was constitutionally ineffective for failing to raise the issue of the constitutional insufficiency of the evidence under the Fifth and Fourteenth Amendments to the United States Constitution to convict Phillips?
3. Whether defense counsel was constitutionally ineffective for failing to raise the issue of the unconstitutionality under the Fifth and Fourteenth Amendments of the Alabama per se rule under which Phillips was convicted

4

that the testimony of the alleged victim of sexual abuse always constitutes sufficient evidence to support a criminal conviction for sexual crimes?

4. Whether defense counsel was constitutionally ineffective for failing to object to the admissibility of generic evidence against Phillips where Phillips was not a resident in the same house with the alleged child victim and the alleged child victim was more than twelve years old at the time of her testimony in the case?

5. Whether defense counsel was ineffective for failing to request that the trial court require the State to elect the incidents on which they would rely to prove the charges against Phillips?

6. Whether defense counsel was ineffective for failing to request that the trial court instruct the jury that it must unanimously agree that the State had proved beyond a reasonable doubt that all the incidents of alleged sexual molestation testified to by the prosecutrix had occurred in order to convict Phillips of any count to which the alleged incidents related?

7. Whether defense counsel was ineffective for failing to object on the ground that the witness was over the age of twelve years to the admissibility of a prior consistent tape recorded statement of the witness which the trial court specifically admitted under a state statute that required that the witness be under the age of twelve before it applied?

In a memorandum opinion released on January 12, 2001, the Alabama Court of Criminal Appeals affirmed the denial of Phillips' Rule 32 petition:

> The appellant was convicted of first-degree sodomy and first-degree sexual abuse. The trial court sentenced him to serve consecutive terms of ten years in prison on the sodomy conviction and five years in prison on the sexual abuse conviction. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on August 20, 1999. *See Phillips v. State* (CR-97-2116, February 5, 1999) ____ So.2d ____ (Ala. Crim. App. 1999) (table). On March 2, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court conducted an evidentiary hearing and denied the petition. This appeal followed.
>
> The appellant argues that his trial counsel rendered ineffective assistance in several instances. In its order denying the petition, the circuit court found:
>
> > The Court, upon taking Judicial notice of both its own record in this case and the hearing held on June 12, 2000, makes the following findings:
> >
> > 1. That counsel was effective and performed well within the standards of *Strickland v. Washington*, 466 U. S. 668s (1984). Petitioner claims that his counsel, Thomas Hanes, was ineffective for seven reasons: For failing to raise due process issues surrounding Alabama's per se rule in sexual abuse cases

involving children; for failing to move the Court to force
election at the end of the prosecution's case or get a ruling on his
motion to elect; for failing to ask for or object to the Court's
jury charge on unanimity; for failing to object to the fact that the
Defendant was convicted on generic evidence alone instead of
sufficient evidence; for failing to object to the admission of a
tape of a previous statement of the victim when the victim was
older than twelve years old at the time of trial; and for failing to
raise ex post facto issues surrounding the Defendant's
conviction.

   The *Strickland* standard to determine ineffective
assistance of counsel is as follows:

> Thus, a court deciding an actual ineffective claim
> must judge the reasonableness of counsel's
> challenged conduct on the facts of the particular
> case, viewed as of the time of the counsel's
> challenged conduct . . . The court must then
> determine whether, in light of all of the
> circumstances, the identified acts or omissions
> were outside the wide range of professionally
> competent assistance.  In making that
> determination, the court should keep in mind that
> counsel's function, as elaborated in prevailing
> professional norms, is to make the adversarial
> testing process work in the particular case.  At the
> same time, the counsel is strongly presumed to
> have rendered adequate assistance and made all
> significant decisions in the exercise of reasonable
> professional judgment.

*Strickland*, 466 U.S. at 690.

> The defendant must show that there is a
> reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding
> would have been different.  A reasonable
> probability is a probability sufficient to undermine
> confidence in the outcome.

*Id.* at 695.

   In making this two step determination, the reviewing
court must make every possible effort to 'eliminate the distorting
effects of hindsight' and evaluate counsel's actions from their
perspective at the time of trial. *Id.* at 689.

   The Court finds in this case that Attorney Hanes provided
the petitioner with reasonable and adequate assistance during his

6

trial.  Attorney Hanes filed multiple pre-trial motions including a motion to elect, motion for more definite statement, motion to exclude the victim's testimony, motion for school records and motion to restrict further counseling of the victim.  He testified at hearing that he investigated the Petitioner's case prior to trial but was hampered by the fact the victim lived out of state.

Prior to jury selection, Attorney Hanes participated in a hearing to determine the competency of twelve year old victim, [W. L.], and questioned [W. L.] at that time surrounding her memories of the alleged sexual incidents involving his client.  Once a jury was struck, he properly cross examined prosecution witnesses, moved for a judgment of acquittal at the end of the prosecution's case, and presented witnesses of his own, including the Petitioner, in support of his case.  Attorney Hanes objected to the prosecution's use of a tape of a previously recorded statement of the victim but was overruled by the Court.  He testified at hearing that he did not object to the Court's jury charges on sufficiency of evidence and unanimous verdict for two reasons.  First, Attorney Hanes felt the prosecution's medical testimony, which revealed no physical injury to the victim, was in his favor.  After the Court recharged the jury on the definition of rape, Attorney Hanes objected to the Court not recharging the jury on reasonable doubt.  Once the jury had convicted the Petitioner on sodomy and sexual abuse charges, he filed a timely motion for new trial and timely appeal on his client's behalf.

*Strickland* requires that counsel be adequate and reasonable to the extent that their actions allow a defendant to have a fair trial.  Attorney Hanes did so in this case.  Not only did he vigorously defend the Petitioner at trial but he also made strategic decisions on his client's behalf based on his judgment and over twenty years of legal experience.  These include attempting to force the prosecution to elect, objecting to the tape of the victim's prior statement being admitted and choosing not to ask for a further jury charge on unanimity.

Petitioner's claims that Attorney Hanes should have been aware of multiple cases in the appellate process both inside and outside of Alabama which may possibly have provided reasoning to challenge Alabama's laws governing child sexual abuse cases go above and beyond the level required by *Strickland*.  *Strickland* recognized that attorneys are under a duty to conduct a reasonably substantial investigation of their client's possible defenses but that such investigation is governed by the strategic

> choices counsel makes during the pendency of the action. *Id.* at
> 681. "Those strategic choices about which lines of defense to
> pursue are owed deference commensurate with the
> reasonableness of the professional judgments on which they are
> based." *Id.*
>
> Attorney Hanes made reasonable and adequate efforts to
> defend the Petitioner before, during and subsequent to his trial.
> No argument presented by the Petitioner causes his
> representation to be any less adequate. Nor do Petitioner's
> claims provide substantial evidence that but for Attorney Hanes'
> actions, the overall outcome of his case would have been
> different. The Court therefore denies Petitioner's claim of
> ineffective assistance of counsel.

(C.R. 4-7.) We agree with the circuit court's findings and adopt them as part
of this memorandum. For these reasons, the circuit court properly denied the
appellant's petition. Accordingly, we affirm the circuit court's judgment.

Respondents' Exhibit H. The Alabama Supreme Court denied Phillips' petition for a writ of

certiorari on April 27, 2001.

On June 1, 2001, Phillips filed a petition for a writ of habeas corpus in this court. In

support of his petition, Phillips claims that:

> 1) "the decision of the Alabama courts denying the claims set out below
> resulted in a decision that was contrary to, or involved an unreasonable
> application of clearly established federal law, as determined by the Supreme
> Court of the United States, or resulted in a decision that was contrary to, or
> involved an unreasonable determination of the facts in light of the evidence
> presented in the state court proceeding";
>
> 2) his attorney was ineffective because he failed to raise at trial or on appeal,
> the "issue of the constitutionality under the United States Constitution's due
> process clause of Alabama's per se rule that in sex abuse cases the testimony of
> the alleged victim of the sex abuse that the defendant sexually abused the
> victim is always sufficient evidence to require submission of the charge to the
> jury and, if there is a conviction, to require trial and appellate court to sustain
> the conviction";
>
> 3) his attorney was ineffective because he "failed to move the court at the
> conclusion of the state's case to require the state to elect which of the several

acts as to which evidence was presented on each of the offenses charged it would rely upon to prove the state's case as to each offense";

4) his attorney was ineffective because he failed to request an instruction or object to the court's failure to give an "instruction that the jury must unanimously find beyond a reasonable doubt that Phillips committed all the acts as to which there was testimony offered against him," since the state was not required to elect which of the acts it would rely upon to prove its case;

5) his attorney was ineffective because he failed to raise at trial or on appeal, "the issue that [Phillips] was convicted because Alabama, in conflict with decisions of the United States Supreme Court, unconstitutionally allows 'generic evidence' of sexual molestation of a child under twelve to be admitted into evidence and holds that such generic evidence satisfies the fifth amendment sufficiency of the evidence standard in criminal convictions";

6) his attorney was ineffective because he failed to object at trial or on appeal to the admission of generic evidence and to the sufficiency of the generic evidence to sustain a conviction of Phillips where the witness was over the age of 12 years and the accused did not reside in the same house as the minor victim; and

7) his attorney was ineffective because he failed "to object to the admission of an out-of-court tape recording of a statement by the minor [victim] which the court admitted under Code of Alabama, § 15-25-32 because the [victim] was over the age of 12 years at the time of trial and Code of Alabama, § 15-25-31 requires that the witness must be under 12 years of age at the time of trial for § 1[5]-25-32 to apply."

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because the petitioner's claims are either procedurally barred or have been found by the state courts to be without merit. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, Phillips has filed a traverse.

## CLAIM 1

Phillips first claims that:

The decision of the Alabama courts denying the claims set out below resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was contrary to, or involved an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Although Phillips raises this as a separate claim, it is clearly not a separate ground for habeas relief. Rather it is the standard used to determine whether or not a petitioner's claim can be considered by this court after a state court has addressed the merits of the same claim. This "claim" is due to be dismissed.

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Each of the petitioner's remaining claims concerns ineffective assistance of counsel. Claims Two, Five, and Six contain claims of ineffective assistance of counsel on appeal, in addition to ineffective assistance of counsel at trial. Although Phillips raised his ineffective assistance of appellate counsel claims in his Rule 32 petition, he did not raise them before the Alabama Court of Criminal Appeals on appeal from the denial of that petition. In *Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990), the petitioner raised claims in his federal habeas petition that had been raised in a state coram nobis petition but had not been argued to the Alabama Court of Criminal Appeals on appeal from the denial of the petition. The court reasoned that the claims were not fully exhausted because "the state court that is usually the

final arbiter of such collateral attacks on criminal convictions [the Alabama Court of Criminal

Appeals] was not afforded a fair opportunity to rule on them." *Collier*, 910 F.2d at 773.

Such claims are deemed, in essence, to be unexhausted because exhaustion requires an appeal

from the state court's denial of post-conviction relief. *Leonard v. Wainwright*, 601 F.2d 807

(5th Cir. 1979).   The court in *Collier* further determined that because the petitioner was

barred by state procedural rules from presenting the claims again in state court, it was futile

to dismiss the claims to allow him to fully exhaust them.   The court then found that the

claims were:

> presented to the federal courts in a posture analogous to claims that have never
> been presented to a state court, and which have become procedurally barred
> under state rules. Under such circumstances this circuit has held that *Harris* [*v.
> Reed*, 489 U.S. 255 (1989)] does not preclude a federal court from finding the
> claims procedurally barred. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir.
> 1989) (Holding, post-*Harris*, that where dismissal to allow exhaustion of un-
> exhausted claims would be futile due to state procedural bar, claims are
> considered procedurally barred in federal court.). Following this precedent, we
> hold [petitioner's] two claims . . . are procedurally defaulted.

*Collier*, 910 F.2d at 773.

It is undisputed that the petitioner failed to raise these claims on appeal to the Alabama

Court of Criminal Appeals after the trial court's denial of his Rule 32 petition.   As in *Collier*,

the petitioner here has failed to exhaust state remedies.   Moreover, he is now procedurally

barred from raising these claims in state court because another state petition would be barred

as successive. *See Blount v. State*, 572 So. 2d 498 (Ala. Crim. App. 1990).   Dismissing this

petition to allow him to exhaust would be futile because his claims are now barred under state

law.   Thus, under the authority of *Collier*, the petitioner is procedurally barred from raising

these claims in federal court, absent a showing of adequate cause for and prejudice from his

11

failure to raise these issues on appeal to the Alabama Court of Criminal Appeals after the trial court's denial of the state habeas petition. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990).

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Sykes* is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

12

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Phillips has offered nothing to excuse the procedural default of his claims. Likewise, he has made no showing that he is "actually innocent" of the crimes for which he was convicted. Thus, Phillips is procedurally barred from raising his ineffective assistance of trial counsel claims in this court, and the claims are due to be dismissed.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Phillips' ineffective assistance of trial counsel claims were raised by the petitioner in his Rule 32 petition and found to be without merit by both the Jefferson County Circuit Court and the Alabama Court of Criminal Appeals. Because his federal habeas corpus petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, these claims must be evaluated according to the standards as amended by the Act. *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997). Amended § 2254(d) states:

13

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To obtain habeas relief in this action, the petitioner must show that the adjudication of the claim by the Alabama Court of Criminal Appeals "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

Section 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by requiring satisfaction of one of two conditions for issuance of the writ. As the Supreme Court recently put it, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 1849, 152 L. Ed. 2d 914 (2002) (*citing Williams*, 529 U.S. at 403- 04, 120 S. Ct. 1495, 146 L. Ed. 2d 389).

*Robinson v. Moore*, 300 F.3d 1320, 1342-43 (11th Cir. 2002) (citations and quotations omitted). In further interpreting section 2254(d), the Supreme Court has stated as follows:

As we stated in *Williams* [*v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)], § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. at 404-405, 120 S. Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth

14

> in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.*, at 407-408, 120 S. Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.*, at 409-410, 120 S. Ct. 1495. *See also id.*, at 411, 120 S. Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002).

The controlling Supreme Court authority on the petitioner's ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984). *Accord Williams v. Taylor*, 529 U.S. 363, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000).

> To succeed on a claim of ineffective assistance, Petitioner must show both incompetence and prejudice: (1) "[P]etitioner must show that 'counsel's representation fell below an objective standard of reasonableness,'" and (2) "[P]etitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 106 S. CT. 2464, 2473, 91 L. ED. 2D 144 (1986); *accord Williams v. Taylor*, 529 U.S. 362, 120 S. CT. 1495, 1511, 146 L. ED. 2D 389 (2000).

*Chandler v. United States,* 218 F.3d 1305, 1312-14 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). To succeed on a claim of ineffective assistance of counsel, the defendant must "establish *both* the deficient representation and . . . prejudice." *Weeks v. Jones*, 26 F.3d 1030, 1037 (11th Cir.), *cert. denied*, 513 U.S. 1193 (1994). The court need not examine both prongs of the *Strickland* test if a defendant makes an insufficient showing on one component.

In assessing the petitioner's claims that his trial counsel was ineffective, the court must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

> In addition to the deference to counsel's performance mandated by *Strickland*, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision. *Woodford*, 537 U.S. at 24, 123 S. CT. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [The petitioner] must do more than satisfy the *Strickland* standard. He must also show that in rejecting his ineffective assistance of counsel claim the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699, 122 S. CT. 1843, 1852, 152 L. ED. 2D 914 (2002).

*Rutherford v. Crosby*, No. 03-13188, 2004 WL 2093447 at *7 (11th Cir. September 21, 2004).

## CLAIM 2

Phillips claims that his attorney was ineffective because he failed to raise the "issue of the constitutionality under the United States Constitution's due process clause of Alabama's per se rule that in sex abuse cases the testimony of the alleged victim of the sex abuse that the defendant sexually abused the victim is always sufficient evidence to require submission of the charge to the jury and, if there is a conviction, to require trial and appellate court to sustain the conviction." He alleges that Alabama's rule of law conflicts with the decision of the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). In ruling on Phillips' claim that the trial court improperly denied his motion for a judgment of acquittal based on the insufficiency of the evidence, the Alabama Court of Criminal Appeals made the following findings of fact:

16

The record reveals that the victim, a twelve-year old girl, testified that at the age of four years old, the appellant, her uncle, began to take his hand and "put it in my vagina and on my behind." She testified that he would also put "his private into my private." The victim identified the appellant's "private" as his penis. She testified that the appellant also forced her to perform oral sex on him. The victim testified that the appellant did these things to her several times during a two-year period before she reached her seventh birthday. She further testified that the incidents occurred at her grandmother's house and did not stop until she stopped visiting there. She testified that she told her mother about the incidents when she was ten years old. The appellant was approximately 34 years old at the time that the sexual abuse and sodomy had occurred. The victim's mother testified that, when she learned of the sexual contact, she immediately notified the police. A medical examination of the victim was conducted at Children's Hospital but did not reveal any scar tissue or evidence of trauma. Evidence was presented by the physician who conducted the examination that any damage caused by the appellant's penetration of the victim would have healed within approximately four weeks of the incident.[1]

The court went on to find that:

The State's evidence was sufficient to prove a prima facie case of first degree sexual abuse and first degree sodomy against the appellant. *See Pierson v. State*, 677 So. 2d 830 (Ala. Crim. App. 1996)(The testimony of the victim alone is sufficient to establish prima facie case of either rape or sexual abuse.). *See also Snell v. State*, 677 So. 2d 786 (Ala. Crim. App. 1995)(The conviction for sodomy in the second degree was supported by the victim's testimony that the defendant performed oral sex on her twice when she was twelve years old.) Therefore, the trial court was correct in denying the appellant's motion for a judgment of acquittal. In reviewing the remaining claims raised by the appellant, we reiterate well-settled law that, once a prima facie case is established, evidentiary issues concerning the weight and credibility of the evidence are not reviewable on appeal. *Glover v. State*, 610 So. 1253 (Ala. Crim. App. 1992). *See also Ogle v. State*, 548 So. 2d 499 (Ala. Crim. App. 1989)(Conflicting evidence, moreover, always presents a jury question, and a verdict rendered thereon will not be disturbed on appeal.)

This finding is not contrary to *Jackson v. Virginia*. *Jackson* does not require a certain

number of witnesses to establish a fact or state that the testimony of a victim alone is not

---

[1] Findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).

enough to establish a prima facie case. Rather, Jackson requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. White*, 815 F.2d 1401, 1403 (11th Cir.), *cert. denied*, 485 U.S. 863 (1987), *citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The appellate court's finding that the evidence presented at trial was sufficient to sustain Phillips' conviction was neither an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.

On appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals found that Phillips' attorney was not ineffective for failing to raise this claim at trial. The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, this claim is due to be DISMISSED.

<u>CLAIM 3</u>

Phillips argues that his attorney was ineffective because he "failed to move the court at the conclusion of the state's case to require the state to elect which of the several acts as to which evidence was presented on each of the offenses charged it would rely upon to prove the state's case as to each offense." On appeal from the denial of Phillips' Rule 32 petition, the court held that "Attorney Hanes filed multiple pre-trial motions including a motion to

18

elect." Because his attorney did file a motion to elect, this claim is baseless. Phillips argues that "[a]lternatively, Petitioner's counsel rendered ineffective assistance by failing to obtain a ruling on the motion to require the State to elect which counsel did file in November of 1997, but which was never presented to or ruled upon by the Court." The Alabama Court of Criminal Appeals found that Phillips' attorney "vigorously" defended him at trial and also made strategic decisions on Phillips' behalf, including attempting to force the prosecution to elect, based on his judgment and over twenty years of legal experience. The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, this claim is due to be DISMISSED.

## CLAIM 4

Phillips next contends that his attorney was ineffective because he failed to request an instruction or object to the court's failure to give an "instruction that the jury must unanimously find beyond a reasonable doubt that Phillips committed all the acts as to which there was testimony offered against him," since the state was not required to elect which of the acts it would rely upon to prove its case. The Alabama Court of Criminal Appeals found that counsel's decision not to ask for a further jury charge on unanimity was a strategic decision.[2] The petitioner has not established that the Alabama Court of Criminal Appeals'

---

[2] The trial court heard testimony from counsel on this matter, at the hearing on the Rule 32 petition.

adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, this claim is due to be DISMISSED.

## CLAIM 5

Phillips claims that his attorney was ineffective because he failed to raise at trial or on appeal, "the issue that [Phillips] was convicted because Alabama, in conflict with decisions of the United States Supreme Court, unconstitutionally allows 'generic evidence' of sexual molestation of a child under twelve to be admitted into evidence and holds that such generic evidence satisfies the fifth amendment sufficiency of the evidence standard in criminal convictions." As previously stated, the Alabama Court of Criminal Appeals' finding on direct appeal that the evidence presented at trial was sufficient to sustain Phillips' conviction was neither an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. Thus, the Alabama Court of Criminal Appeals' decision on appeal from the denial of Phillips' Rule 32 petition was not contrary to, and did not involve an unreasonable application of clearly established Federal law, and there is no evidence that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim is due to be DISMISSED.

## CLAIM 6

Phillips further claims that his attorney was ineffective because he failed to object at trial or on appeal to the admission of generic evidence and to the sufficiency of the generic

evidence to sustain a conviction of Phillips where the witness was over the age of 12 years and the accused did not reside in the same house as the minor victim. As previously stated, the Alabama Court of Criminal Appeals' finding on direct appeal that the evidence presented at trial was sufficient to sustain Phillips' conviction was neither an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. Thus, the Alabama Court of Criminal Appeals' decision on appeal from the denial of Phillips' Rule 32 petition was not contrary to, and did not involve an unreasonable application of clearly established Federal law, and there is no evidence that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim is due to be DISMISSED.

## CLAIM 7

Finally, Phillips maintains that his attorney was ineffective because he failed "to object to the admission of an out-of-court tape recording of a statement by the minor [victim] which the court admitted under Code of Alabama, § 15-25-32 because the [victim] was over the age of 12 years at the time of trial and Code of Alabama, § 15-25-31 requires that the witness must be under 12 years of age at the time of trial for § 1[5]-25-32 to apply." On appeal from denial of Phillips' Rule 32 petition, the Alabama Court of Criminal Appeals found that counsel "objected to the prosecution's use of a tape of a previously recorded statement of the victim but was overruled by the Court." The petitioner has not established that the Alabama Court of Criminal Appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, or that the

21

decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Thus, this claim is due to be DISMISSED.

An appropriate order will be entered.

DONE this __30th__ day of September, 2004.


JAMES H. HANCOCK
SENIOR JUDGE

22